UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES CARNEY DOLIVE SR., PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES CARNEY DOLIVE, JR.;

      Plaintiff,

v.

PROGRESSIVE AMERICAN INSURANCE COMPANY,

      Defendant,
_____/

Case No.: 5:24-cv-00362-JSM-PRL

**ORDER**

This diversity action alleging a bad faith claim is before the Court for consideration of Defendant's motion to compel the deposition of attorney Matthew Morgan. (Doc. 20). Upon initial review, however, the motion is procedurally deficient in that it fails to comply with the requirements of Local Rule 3.01(g).

Local Rule 3.01(g) provides that before filing any motion in a civil case, subject to certain exceptions, the "movant must confer with the opposing party in a good faith effort to resolve the motion." Local Rule 3.01(g)(2) also requires the movant to include a certification under the heading "Local Rule 3.01(g) Certification," meeting certain requirements, and Rule 3.01(g)(3) sets forth specific requirements with which a movant must comply when the

opposing party is unavailable. The rule also requires that, if the motion is opposed, the movant must explain the means by which the conference occurred.

First, although Defendant's motion suggests that Plaintiff opposes the relief requested, the motion is completely lacking the certification required by Local Rule 3.01(g). Further, upon initial review, the Court notes that the relief sought in the motion is precisely the type which would benefit from a meaningful, good faith conference between counsel. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). The term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1(M.D. Fla. Aug. 14, 2000). The Court expects counsel to comply with both the letter and spirt of Local Rule 3.01(g).

Further, while conferring in good faith regarding the relief requested by Defendant, the parties should be mindful of all applicable legal principles, including whether the so-called "apex" deposition rule applies as to the proposed witness in the context of this case.[1] *See Asberry v. Sch. Bd. of Pasco Cnty., Fla.*, No. 8:18-cv-02222-T-35-SPF, 2019 WL 12383128, at *1 (M.D. Fla. Aug. 20, 2019) (explaining that the "apex" deposition rule may be invoked when "high level executives and government officials need some measure of protection from the courts" due to their vulnerability to repeated or abusive depositions).

Accordingly, upon due consideration, Defendant's motion (Doc. 20) is DENIED without prejudice.

---

[1] Defendant's motion asserts that Mr. Morgan was the only attorney of record in the underlying case for a period of nearly two years. (Doc. 20 at 6).

**DONE** and **ORDERED** in Ocala, Florida on July 28, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties